**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GINA RAE BRUMLEY, *as Administrator of the Estate of Terry Lynn Brumley, Jr., and on behalf of all wrongful death heirs,*<br><br>Plaintiff,<br><br>v.<br><br>WESTMORELAND COUNTY;<br>BRYAN L. KLINE, *in his official and individual capacity;*<br>DEPUTY WARDEN STEVEN PELESKY, *in his official and individual capacity;*<br>PRIMECARE MEDICAL INC;<br>JOHN AND JANE DORE CORRECTIONS OFFICERS 1-10, *in their individual capacity; and*<br>JOHN AND JANE DOE MEDICAL AGENTS 1-5, *in their individual capacities,*<br><br>Defendants. | ) | Civil Action No. 2:25 CV 1485 |

**MEMORANDUM ORDER**

This matter comes before the Court after Plaintiff Gina Rae Brumley ("Plaintiff") declined to file objections to the Report and Recommendation ("R&R") (Docket No. 34) that was entered by Magistrate Judge Maureen P. Kelly on July 30, 2026. The R&R recommends that this action be dismissed as to Defendants Westmoreland County, Westmoreland County Prison ("WCP") Warden Bryan L. Kline ("Kline"), and WCP Deputy Warden Steven Pelesky ("Pelesky") (collectively, "Westmoreland Defendants") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. (Docket No. 34 at 2, 30). Service of the R&R was made on Plaintiff and Westmoreland Defendants electronically via CM/ECF. (Docket No. 34 text entry). The R&R informed Plaintiff that objections to same were

due by August 13, 2026. (*Id.*). On August 11, 2026, Plaintiff's counsel filed a notice indicating his intention not to file objections to the R&R, and requesting that Plaintiff be granted a period of thirty (30) days in which to file an Amended Complaint. (Docket No. 35 at 1, 2).

The Federal Rules of Civil Procedure provide that a party may file specific written objections to the proposed findings and recommendations of a magistrate judge, and a district judge must conduct a *de novo* review of any part of the R&R that has been properly objected to. *See* Fed. R. Civ. P. 72(b)(2), (3); 28 U.S.C. § 636(b)(1). Here, however, because Plaintiff did not file objections to the R&R – which explicitly stated, "Failure to timely file objections will waive the right to appeal" – we review the magistrate judge's decision for plain error. (Docket No. 34 at 30). *EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017); *see Brightwell v. Lehman*, 637 F.3d 187, 193 (3d Cir. 2011) (citing *Nara v. Frank,* 488 F.3d 187, 194 (3d Cir. 2007)); *see also* Fed. R. Civ. P. 72(b) Advisory Committee's Note to 1983 Addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citing *Campbell v. U.S. Dist. Ct. for N.D. Cal.*, 501 F.2d 196, 206 (9th Cir.), *cert. denied*, 419 U.S. 879 (1974))).

In this case, upon careful review of the R&R and the entire record, the Court, finding no plain error on the face of the record, will accept Judge Kelly's recommendation. As such, the Court will adopt the R&R as the Opinion of the Court and will dismiss this action pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. In so ruling, the Court first agrees with Judge Kelly that the allegations in the Complaint do not plausibly allege sufficient facts to support a failure to protect claim pursuant to 42 U.S.C. § 1983 and in violation of the Eighth Amendment. Specifically, Plaintiff has not pled facts establishing that the decedent faced an objectively "substantial risk of serious harm" as the Complaint did not allege that there was a

widespread presence of deadly drugs proliferating through the WCP at the decedent's time of death, and that prison officials were deliberately indifferent to the harm such proliferation would pose to their inmates. (Docket No. 34 at 7, 13). Plaintiff also did not plead facts establishing that the Westmoreland Defendants had knowledge that fentanyl was being smuggled into the WPC in 2023 or that the decedent had access to fentanyl, nor that the Westmoreland Defendants did not appropriately respond to that risk. (*Id.* at 17). Additionally, Plaintiff did not plead facts to establish that the Westmoreland Defendants were required to monitor the decedent continuously or that they ignored the serious medical risk to decedent's health by failing to respond appropriately to his overdose (i.e., failing to administer Narcan or calling in appropriate medical staff). (*Id.* at 21). The Court further agrees with Judge Kelly that Plaintiff has not stated a *Monell* claim against the Westmoreland Defendants in their official capacities; Plaintiff has admitted in the Complaint that the County had policies and procedures in place to prevent drugs from entering into the WCP, alongside a history of investigating and prosecuting individuals who had smuggled drugs. (*Id.* at 26). Finally, the Court agrees with Judge Kelly that Plaintiff cannot rely on the Pennsylvania Wrongful Death and Survival Act, 42 Pa. C.S.A § 8301, and the Pennsylvania Survival Statute, 42 Pa. C.S.A. § 8302, on the grounds that they are barred by the Pennsylvania Political Subdivision Tort Claims Act ("PSTCA"), 42 Pa. C.S.A § 8541 *et seq.*, as Plaintiff is not alleging that this case constitutes a wrongful death or survival action. (*Id.* at 28). Therefore, the Court agrees with Judge Kelly that Plaintiff's Complaint should be dismissed without prejudice to amendment for failure to state a claim. (*Id.*).

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 27th day of August, 2026,

IT IS HEREBY ORDERED that the Report and Recommendation ("R&R") (Docket No. 34) is ADOPTED as the Opinion of the Court.

IT IS FURTHER ORDERED that, for the reasons set forth in the R&R, the Westmoreland Defendants' Motion to Dismiss Plaintiff's Complaint (Docket No. 28) is granted. Accordingly, Plaintiffs claims against the Westmoreland Defendants are dismissed without prejudice pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

If Plaintiff wishes to file an Amended Complaint, she shall do so by September 28, 2026, in which case the Defendant(s) shall respond thereto by October 19, 2026. If Plaintiff does not file an Amended Complaint by September 28, 2026, then her claims against the Westmoreland Defendants will be dismissed with prejudice.

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record